FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMUEL E. RICHARDSON,<br><br>　　　　　　　　Defendant. | NO: 2:19-CR-77-RMP-1<br><br>ORDER DENYING THIRD MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is Defendant's Third Motion for Compassionate Release, ECF No. 63, supplemented with another brief filed September 14, 2020, ECF No. 65. Defendant again asks that the Court reduce his sentence to time served, so that he may be released from custody and begin his term of supervised release, or alternatively be released to home confinement pursuant to the First Step Act. ECF No. 63 at 8. Defendant's renewed motion is premised both on the COVID-19 pandemic and the First Step Act. ECF No. 63.

Mr. Richardson alleges that he is 42 years old, that he is obese, and has hypertension. ECF No. 63 at 2. He further alleges that even without compassionate

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH LEAVE TO AMEND ~ 1

1  release, he expects to be released from custody no later than February 27, 2021.

2  ECF No. 63 at 3.  In his supplemental filing, ECF No. 65, he alleges that the fires

3  occurring in Washington State are a basis for him to be released so that he can assist

4  his friends with fire problems.  The Court has considered the motion, the record, and

5  is fully informed.

6        Pursuant to 18 U.S.C. § 3582(c)(1)(A), this Court has the authority to reduce

7  Defendant's term of imprisonment after certain, administrative remedies have been

8  exhausted.  Under that statute, there are restrictions on when the Court may act.  The

9  Court may act, "upon motion of the Director of the Bureau of Prisons, or upon

10  motion of the defendant after the defendant has fully exhausted all administrative

11  rights to appeal a failure of the Bureau of Prisons to bring a motion on the

12  defendant's behalf . . . ."  Additionally, if Defendant files a motion under 18 U.S.C.

13  § 3582(c)(1)(A) with the Bureau of Prisons, and the Bureau of Prisons does not act

14  upon his motion within thirty days of receiving it, then Defendant may request relief

15  directly from this Court, without taking additional steps to exhaust his administrative

16  remedies.  *Id*.

17        The Court previously denied Mr. Richardson's motion for compassionate

18  release, ECF No. 59, and his Renewed Motion for Compassionate Release, ECF No.

19  63, as it was unclear from the motions whether Defendant had exhausted his

20  administrative remedies.  The Court directed Mr. Richardson to provide

21  documentation to support his claim that he had filed a motion with the Bureau of

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH LEAVE TO AMEND ~ 2

Prisons. In his renewed motion, Mr. Richardson proffers that he submitted a motion for compassionate release to the Bureau of Prisons in April of this year, but he still has not provided any documentation to support that proffer, nor clarified whether the Bureau of Prisons acted on his motion for compassionate release, and if they acted, when they acted. Therefore, the Court still has insufficient evidence before it to conclude that it has authority to hear the instant motion.

Even if the Court did have authority to act on this motion, the Court is denying Mr. Richardson's renewed motion for compassionate release because he has not presented sufficient evidence for granting the motion beyond his allegations that he is obese and suffers from hypertension and because the COVID-19 pandemic is a problem for the incarcerated population. Furthermore, Mr. Richardson states that he is 42 years old, which does not place him in the high-risk category for inmates likely to suffer serious impact from COVID-19. Indeed, none of Mr. Richardson's cited factors, the pandemic, his obesity, his undocumented hypertension, and the wildfires in Washington State, establish a sufficient basis for this Court to release Mr. Richardson on the basis of compassionate release.

Moreover, in a consideration of the factors listed in 18 U.S.C. §3553, which the Court must consider before granting compassionate release, the Court finds that Mr. Richardson has an extensive history of preying on vulnerable individuals through fraudulent representations. Indeed, many of his arguments regarding compassionate release, which are unsupported by documentation, restate that he will

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH LEAVE TO AMEND ~ 3

assist people to make amends for his prior misdeeds. ECF No. 65. However, the Court finds that Mr. Richardson's long history of dishonesty and preying on vulnerable individuals weighs in favor of keeping him detained and protecting the public from further crimes of the defendant for a longer time. 18 U.S.C. § 3553(a)(2)(C). Therefore, the Renewed Motion for Compassionate Release is denied.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, **ECF No. 63**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and Mr. Richardson.

**DATED** September 14, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH LEAVE TO AMEND ~ 4